UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEFT COAST WRESTLING, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEARBORN INTERNATIONAL LLC, a California limited liability company, a/k/a and/or d/b/a TRI TITANS; DUKE MINH LE, an individual,<br><br>Defendants. | Case No.: 3:17-cv-00466-LAB-NLS<br><br>**SUPPLEMENTAL RECOMMENDATION FOR ORDER GRANTING ADDITIONAL FEES AND COSTS** |

Pursuant to the direction set forth in the Report and Recommendation (ECF No. 41), Plaintiff submitted a supplemental declaration regarding attorneys' fees incurred in 2018 as well as a bill of costs. ECF Nos. 42, 43. Having reviewed the submissions, the undersigned recommends the following additional attorneys' fees and costs be added to the final default judgment award.

**1. 2018 Attorneys' Fees**

Plaintiff requests an award of an additional $8,758.50 in attorneys' fees incurred during the 2018 calendar year. Review of the invoices submitted for fees reveals the hours expended on this case are properly documented and appear reasonable. ECF No.

42-1, Ex. 12. Consistent with the Report and Recommendation (ECF No. 41 at 22), the undersigned recommends the District Judge add the full $8,758.50 requested to the attorney fee award.

**2. Taxable Costs**

As directed by the Report and Recommendation, Plaintiff also submitted a costs bill. ECF No. 42-1, Ex. 13; ECF No. 43. Plaintiff identifies $2,692.05 in taxable costs that the undersigned recommends be added to the default judgment award.[1]

**3. Other Costs**

Plaintiff argues that in addition to traditionally taxable costs, $2,075.56 of "other costs," including discovery vendor fees, courier fees, a Westlaw charge, photocopies, and filing fee with the USPTO may also be recovered. ECF No. 42 at ¶ 5.

The Ninth Circuit has held that "attorney's fees under the Lanham Act may also include reasonable costs that the party cannot recover as the 'prevailing party' as long as such costs are reasonably incurred". *Dropbox, Inc. v. Thru Inc.*, 15-CV-01741-EMC, 2017 WL 914273, at *5 (N.D. Cal. Mar. 8, 2017), *aff'd*, 17-15078, 2018 WL 1940122 (9th Cir. Apr. 25, 2018) (*citing Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012) *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016)). In *Dropbox,* the plaintiff requested discovery vendor and expert witness fees as non-taxable costs. *Id.* at *6. The court awarded non-taxable costs finding that the plaintiff had "adequately explained the necessity of the costs incurred, and it has thoroughly documented its specific expenditures." *Id.* Conversely*,* in *Secalt*, the Ninth Circuit remanded to the district court

---

[1] Calculated as follows:
| | |
|---|---:|
| Filing Fee | $400 |
| Fees for Service (summons & subpoena) | $2,047.45 |
| Deposition transcript | $244.60 |
| Total: | $2,692.05 |

to evaluate the reasonableness of the claimed costs since no details were provided beyond broad categories such as "legal research" and "deposition expenses."

Here, Plaintiff did not make a separate request for an award of non-taxable costs, but did request all costs and fees incurred as "reasonable in light of the litigation." ECF No. 37-1 at 23. Counsel's prior declaration also stated that "[t]he costs indicated on [Plaintiff's] invoices are charges normally billed to [] clients." ECF No. 37-2 at ¶ 27. Review of the non-taxable costs itemized by Plaintiff in its supplemental filing include $1450 in "ESI and Document Processing"; $128.11 for FedEx/Knox Delivery; $400 to the USPTO for opposition filing fees; $3.40 for "Outside photocopies- Registrar of Contractors"; and a $94.05 Westlaw charge. ECF No. 42-1, Ex. 13 at 19-20.[2]

Copy, courier, and legal research fees have been awarded by the Ninth Circuit. *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992), *opinion vacated in part on other grounds* 984 F.2d 345 (9th Cir. 1993) ("attorneys' fees awards can include reimbursement for out-of-pocket expenses including the travel, courier and copying costs that appellees' attorneys incurred here"); *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006) (permitting recovery of computer based legal research fees). Accordingly, the recovery of the FedEx/Knox, Westlaw, and photocopy costs are properly recovered. Likewise, the opposition to Defendants' trademark application for the mark at the heart of this litigation was reasonably incurred. The undersigned recommends these non-taxable costs, totaling $625.56, also be included in the attorney fee award.

As to the discovery vendor fees, under current Ninth Circuit precedent only certain costs associated with e-discovery are generally compensable.[3] Courts have allowed e-

---

[2] The page numbers for this exhibit refer to the page number assigned by the CM/ECF header.

[3] Plaintiff cites to *Amuse. Art, LLC v. Life is Beautiful, LLC*, 214CV08290DDPJPR, 2017 WL 2259672, at *9 (C.D. Cal. May 23, 2017) for the proposition that discovery vendor

discovery costs for scanning or converting electronically–stored files into usable formats because such tasks fall within 28 U.S.C. § 1920(4), which allows "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See Linex Tech., Inc. v. Hewlett-Packard Co.*, 2014 WL 5494906, at * 6 (N.D. Cal. Oct. 30, 2014)); *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, CV 14-00169 ACK-RLP, 2015 WL 9274092, at *5 (D. Haw. Nov. 25, 2015), *report and recommendation adopted,* 14-00169 ACK-RLP, 2015 WL 9272842 (D. Haw. Dec. 17, 2015) (discovery vendor fees not permitted as taxable costs where only invoice description is generic "discovery services"). However, courts have not allowed recovery of costs for the hosting of electronic data or for e-gathering and e-processing costs akin to the intellectual effort involved in the production of documents or the research, analysis, and distillation of data. *See eBay Inc. v. Kelora Systems, LLC*, 2013 WL 1402736, at * 7 (N.D. Cal. Apr. 5, 2013)).

Here, Plaintiff did not provide the "ESI and Document Processing" invoices for review, and the lack of participation of the Defendant throughout this case calls into question whether "ESI and Document Processing" charges were reasonably incurred where Plaintiff has lamented the absence of document production from the Defendants. *See* ECF No. 37-1 at 5. Plaintiff offers no other explanation for the "ESI and Document Processing" fees or "the necessity of the costs incurred." *See Dropbox, Inc. v. Thru Inc.*, 2017 WL 914273, at *6. Without further documentation or testimony to demonstrate these charges were reasonably incurred and thus awardable as non-taxable costs; or to show they were copying costs that fall within 28 U.S.C. § 1920(4) and may awarded as a taxable costs, the undersigned recommends these costs be excluded.

---

fees are recoverable. In *Amuse Art,* the district court granted a motion for attorneys' fees and non-taxable costs that included discovery vendor costs, finding them "adequately documented and reasonable." *Id.* There is an appeal to the Ninth Circuit pending and the Ninth Circuit will hear oral argument on August 10, 2018.

4

**4. Conclusion**

The undersigned **RECOMMENDS** that attorneys' fee award be amended to include an additional $ 9,384.06 for a total attorneys' fee award of **$ 59,491.06** (*see* ECF No. 41 at 34, ¶ 2.c). And that costs be awarded in the amount of **$ 2,692.05** (*see* ECF No. 41 at 34, ¶ 2.b).

Dated: June 12, 2018

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge