UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEFT COAST WRESTLING, LLC,<br><br>                               Plaintiff,<br><br>v.<br><br>DEARBORN INT'L LLC,<br><br>                              Defendant. | Case No.: 17cv466-LAB (NLS)<br><br>**ORDER REQUIRING SUBSTITUTION OF COUNSEL** |

On July 31, 2017, counsel for Dearborn International and Duke Minh Le moved to withdraw as counsel of record, without naming new counsel. (Docket no. 17.) The Court ordered Dearborn and Le to respond. (Docket no. 18.) The order pointed out that, if his counsel were permitted to withdraw, Le would be "proceeding *pro se* (without representation), unless and until he substitutes in new counsel." (*Id*. at 1:18–21.) It also pointed out that Dearborn cannot proceed *pro se*, and warned that it "should be prepared to substitute in new counsel promptly." (*Id*. at 1:23–24.) Otherwise, the order cautioned, Dearborn would likely forfeit its counterclaim and default on the claims brought against it. "In short," the order warned, "it will be submitting to a default judgment and will lose the entire case." (*Id*. at 1:25–26.) The Court also specifically warned Dearborn and Le that they should "arrange to monitor the docket to keep abreast of any new filings or orders." (*Id*. at 2:5–6.)

1

The order referred to substitution of new counsel because that is what this District's Civil Local Rules require. *See* Civil Local Rule 83.1(f)(2). Instead of doing that, however, two attorneys filed a notice stating that they were entering an appearance on behalf of Le, and purporting to direct that further notices and documents be served on them instead of on Le personally. The notice implies that Le has retained them and approves their substituting in, in place of him, but it does not actually say so and it was not signed by Le.

Before proceeding for Le, his new counsel need to substitute in properly, by means of an *ex* parte motion to substitute them in, in place of Le. While the Court has no reason to doubt counsel's good faith in this, it is important to document that Le he understands and agrees these will be his new attorneys. He would not be permitted to file anything or make any appearances; all that would have to be done by his new counsel. *See* Civil Local Rule 83.1(f)(1). And if for any reason he wanted to change counsel or proceed *pro se* again, he would first need to obtain the Court's approval. *See* Civil Local Rule 83.1(f)(2) and (3).

Le's new counsel must promptly file an *ex parte* motion to substitute in as counsel in place of Le, and the motion must be signed by them as well as by Le. Any opposition to the motion must be filed within two court days.

Le's new counsel have already filed an opposition to Plaintiff's *ex parte* motion to alter or amend the judgment. That motion is being denied for other reasons, so the Court had no need to rely on the opposition, and there is no need to strike it from the docket at this time.

Counsel for both parties should also bear in mind that motions need to be filed as early as reasonably possible, and well in advance of the time when a ruling is needed. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, Inc. 762 F.2d 1374, 1377 (9th Cir. 1985) (delay in seeking relief implies a lack of urgency). They should also bear in mind that whether a matter is urgent and should be expedited is generally a disputed issue and should

not be the subject of *ex parte* communications. The Court intends to afford both parties a fair opportunity to be heard before it acts.

**IT IS SO ORDERED**.

Dated: July 24, 2018

Hon. Larry Alan Burns
United States District Judge

3
17cv466-LAB (NLS)